IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARNETTA SWIFT, Nee Hill, | ) | 8:14CV259 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KYLER, Omaha Police Officer, and | ) | |
| JOHN DOE, Unknown, Cohort of | ) | |
| Omaha Police, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Arnetta Swift ("Plaintiff") filed her Complaint on September 2, 2014. The court conducted a pre-service screening of the Complaint in accordance with 28 U.S.C. § 1915(e)(2). The court determined it could not "conduct a meaningful review of Plaintiff's claims because the Complaint is almost entirely illegible." (Filing No. 9 at CM/ECF p. 1.) The court ordered Plaintiff to file an amended complaint.

Plaintiff filed an Amended Complaint (Filing No. 11) on January 28, 2015. She alleged:

> On 8-8-14 "Kyler" and unknown cohort of John Doe Omaha Police officers burst into our house at 3929 N 42nd St in Omaha, with Bogus Search warrant and when Nothing listed in search warrant found we illegally arrested on warrant issued for Nonpayment. . . . No Debtor's prison allowed at all in U.S. and Nebraska[.]

(*Id.* at CM/ECF pp. 1-2.) For relief, Plaintiff sought $100,000,000.00 for her "illegal arrest and detention." (*Id.* at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

A plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted) (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

## III. DISCUSSION OF CLAIMS

Here, Plaintiff's factually unsupported and conclusory allegations about a "bogus search warrant" and an "illegal arrest and detention" are insufficient to state

a claim for relief.[1]  The right at issue is Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures by police officers.  U.S. Const. amend. IV. Plaintiff's allegations suggest officers had a warrant to search her house and had a warrant to arrest her.  Plaintiff does not present any allegations to reflect the manner in which Defendants violated her Fourth Amendment rights or how they were involved in the alleged improper conduct.  Even when liberally construed, Plaintiff's claims are simply too vague and conclusory to state a claim for relief.

IT IS THEREFORE ORDERED that: This case is dismissed without prejudice. A separate judgment will be entered in accordance with this order.

DATED this 18th day of March, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

[1] The court also received three items of correspondence from a nonparty, Charles Swift.  (*See* Filing Nos. 6, 7, and 10.)  The court previously advised Plaintiff that Charles Swift could not prosecute this action on her behalf and would not consider documents submitted by third parties.

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.